**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

DANIEL A. POE,

                Plaintiff,

    v.

JUDGE KAGLE, *et al.*,           Case No. 3:22-cv-00029-RRB

                Defendants.

## ORDER OF DISMISSAL

On February 17, 2022, Daniel Poe, a self-represented prisoner (hereinafter "Plaintiff"), filed a Notice of Intent to File Suit/Lien.[1]  The Court issued an Order Re: Deficient Filing and on March 22, 2022, Plaintiff filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, a Prisoner's Application to Waive Prepayment of the Filing Fee, and an affidavit.[2]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner.  In this screening, a court shall dismiss the case at any time if the court determines that the action:

        (i)      is frivolous or malicious;

---

[1] Docket 1.

[2] Dockets 2–5, 7.

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4]  In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5]  Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[7]

---

[3] 28 U.S.C. § 1915A.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In making this determination, a court may consider "materials that are submitted with and attached to the Complaint."  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *See Schreiber Distributing Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:22-cv-00029-RRB, *Poe v. Kagle, et al.*
Order of Dismissal
Page 2 of 13

**DISCUSSION**

I.  **Complaint**

Plaintiff brings suit against Sgt. Bonabluer of the Wasilla Police Department, Devin Morris of the Public Defender Agency, Assistant District Attorney Coewell of the State of Alaska, and Alaska State Court Judges [C]agle,[8] Stohler, and Browning.[9]  Plaintiff sues Defendants Bonabluer, Morris, and Coewell in their individual and official capacities.[10] Plaintiff sues Defendant Judges Cagle, Stohler, and Browning in their official capacities.[11]

In Claim 1, Plaintiff alleges that from December 12, 2020, through February 26, 2022, Defendant Bonabluer violated his right to due process, because he "acted on a tip which led to [his] arrest at the Kashim Hotel."[12]  Plaintiff further alleges that during his arrest Defendant Bonabluer "used a [warrantless] search to [obtain] the so called stolen goods which then made me the person of interest to multiple robberies which [I'm] now charged with."[13]  Plaintiff alleges that (1) "the arrest was for me not a tool to use as [an] illegal search"; (2) "the hotel room I was in wasn't even in my name"; and 3() there was no [permission] given to warrant any search."[14]

---

[8] The Courts judicial notice of the proper spelling of Judge Cagle's last name.  Fed. R. Evid. 201.

[9] Docket 3 at 2.

[10] Docket 3 at 2.

[11] Docket 3 at 2.

[12] Docket 3 at 3.

[13] Docket 3 at 3.

[14] Docket 3 at 3.

In Claim 2, Plaintiff alleges that on December 12, 2020, November 11, 2021, and February 26, 2022, Defendants Morris, Coewell, Cagle, Stohler, and Browning violated his Sixth and Fourteenth Amendment rights to due process.[15] Plaintiff alleges that Defendant Morris is not (1) investigating his case; (2) filing motions on his behalf; (3) facilitated a bail review hearing; or (4) provided him with treatment placement.[16] Plaintiff further alleges that Defendants Morris, Coewell, Cagle, Stohler, and Browning "colluded [and] conspired to deprive me of my rights," because (1) his court dates keep being reset due to the COVID pandemic; (2) he "never got the chance to defend myself at any court hearing"; and (3) he "never signed my rights over on anything Rule 45 or 5 nor was I given the chance to be present during any of the court dates with my lawyer."[17]

In Claim 3, Plaintiff alleges that on December 12, 2020, November 11, 2021, and February 26, 2022, Defendants Cagle, Stohler, and Browning violated his Sixth and Fourteenth Amendment rights to due process.[18] Plaintiff alleges Defendants Cagle, Stohler, and Browning have allowed (1) an illegal prosecution; (2) "the DA and my lawyer to act in place of myself meaning being able to speak on my behalf and sign my rights away; and (3) "they are committing treason [against] the people they swore to obey [and] to the document [they] swore an oath to they betray."[19]

---

[15] Docket 3 at 4.

[16] Docket 3 at 4.

[17] Docket 3 at 4.

[18] Docket 3 at 5.

[19] Docket 3 at 5.

In support of the Complaint, Plaintiff encloses a letter, two motions he wrote for his counsel, and an affidavit.[20]

For relief, Plaintiff requests (1) $1,000,000.00 in damages; (2) $1,000,000.00. in punitive damages; (3) an order requiring defendants to be "held accountable" and "dismiss with [prejudice]"; and (4) a declaration that "a resolution be made for my cases."[21]

The Court takes judicial notice of Plaintiff's pending state court criminal matters.[22] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-02722CR, consolidated several other cases, and remains ongoing with a scheduled trial week of August 11, 2022.[23] Additionally, *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-01341CR, also remains ongoing with a scheduled trial week of August 11, 2022.[24]

## II.    *Younger* Abstention

The *Younger* abstention doctrine provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[25]  The core of *Younger* abstention is that a federal court cannot interfere with pending state court

---

[20] Dockets 3-1, 3-2, 7.

[21] Docket 3 at 8.

[22] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[23] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-02722CR ("Events").

[24] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-01341CR ("Events").

[25] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:22-cv-00029-RRB, *Poe v. Kagle, et al.*
Order of Dismissal
Page 5 of 13

criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[26]

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves."[27]  If the *Younger* doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[28]  A state proceeding is ongoing for the purposes of *Younger* until the state appellate review process is complete.[29]

Plaintiff's claims contest either the circumstances leading to, or the processes within, his current pending criminal matters.  The State of Alaska has indicted Plaintiff on 36 felony and misdemeanor charges, including multiple counts of Burglary, Criminal Trespass, Theft, and Criminal Mischief.[30]  Additionally, the State of Alaska has indicted Plaintiff separately on three counts of felony Burglary and three misdemeanor counts of

---

[26] *Younger*, 401 U.S. at 54.

[27] *San Jose Silicon Valley Chamber of Commerce v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see also Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016).

[28] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

[29] *Gilbertson v. Albright,* 381 F.3d 965, 969 n.4 (9th Cir. 2004).

[30] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-02722CR (Party Charge Information).

Case No. 3:22-cv-00029-RRB, *Poe v. Kagle, et al.*
Order of Dismissal
Page 6 of 13

Theft, Criminal Mischief, and Violating Conditions of Release.[31]  Currently, the state criminal matters against Plaintiff remain ongoing with a trial call scheduled in both matters for August 11, 2022.[32]  The State of Alaska has an important interest in enforcing its laws. Plaintiff is represented by counsel and has the opportunity to raise and contest federal constitutional matters in Alaska Superior Court.[33]  Plaintiff's ability to challenge the validity of his arrest, the search for stolen goods, or the speediness of trial under either state or federal constitutional grounds is unimpeded.  For relief, Plaintiff has requested damages and injunctive relief ordering Defendants to be "held accountable" and dismissing his state court charges with prejudice.  If the federal court intervened, it would in practical effect, enjoin the state matter.

Thus, the matter at present fulfills all the requirements for *Younger* abstention. Because these claims do not express separate, possibly meritorious claims for damages, the entire action should be dismissed without prejudice rather than stayed.  Therefore, the Court must abstain from exercising jurisdiction and dismiss the action.

### III.  Civil Rights Claims Under 42 U.S.C. § 1983

Though the Court's decision to abstain is dispositive in this matter, the Court addresses the unique pleading requirements of 42 U.S.C. § 1983, and why Defendants

---

[31] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-01341CR (Party Charge Information).

[32] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-02722CR & Case No. 3PA-20-01341CR (Events).

[33] *State of Alaska v. Daniel A. Poe*, Case No. 3PA-20-02722CR & Case No. 3PA-20-01341CR, *see generally* Docket Information, for a complete docket view of the state litigation in this matter, individuals may search Alaska state online case records at https://records.courts.alaska.gov/).

Morris, Coewell, Cagle, Stohler, and Browning are improper defendants. 42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[34] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[35] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[36] Furthermore, a defendant must be eligible for suit.

### a. Defendant Morris

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor. "[37] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[38] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[39] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in no way

---

[34] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[35] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[36] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[37] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[38] *Id*., citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[39] *Id*.

can be considered a state actor, but whose "duties and obligations [to the client] are the same."[40]

Defendant Morris is an attorney with the State of Alaska Public Defender Agency. Plaintiff seeks damages and injunctive relief that would dismiss his state court criminal charges. As a threshold matter, Defendant Morris cannot provide the injunctive relief requested. Moreover, Plaintiff's allegations center on disagreements with Defendant Morris's representation of Plaintiff before the Alaska Superior Court and his litigation strategy. Defendant Morris, as court appointed counsel to an indigent defendant, is not a state actor as a matter of law. Therefore, he cannot be sued for either damages or injunctive relief under 42 U.S.C. § 1983.

### b. Defendants Cagle, Stohler, and Browning

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[41] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[42] This judicial immunity is immunity from lawsuit, not just from

---

[40] *Polk County*, 454 U.S. at 318–19.

[41] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."

[42] 42 U.S.C. § 1983.

ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[43]

Defendants Cagle, Stohler, and Browning are judicial officers of the Alaska Court System. Plaintiff seeks damages and injunctive relief that dismiss his state court criminal charges. While Defendants Cagle, Stohler, and Browning, in theory, could grant or respond to Plaintiff's demand for injunctive relief, Defendants are bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and their duty as judicial officers to preside over criminal cases in Alaska's District and Superior Courts. Plaintiff's allegations focus on his attorney's representation, the delays within of his state court actions, and his prosecution generally. As judicial officers acting in their official capacities by presiding over Plaintiff's state court criminal matter, Defendants Cagle, Stohler, and Browning are immune from suit as a matter of law. Therefore, they cannot be sued under 42 U.S.C. § 1983.

### c. Defendant Coewell

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process."[44] A prosecutor's absolute

---

[43] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[44] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

immunity extends to "initiating a prosecution and presenting the State's case,"[45] including eliciting witness testimony, arguing motions, and pretrial court appearances.[46]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[47]  Further, a prosecutor can be held accountable for malicious prosecution.  But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[48]  Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.[49]  This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[50]

Defendant Coewell is a prosecuting attorney for the State of Alaska.  Plaintiff seeks damages and injunctive relief that would dismiss his state court criminal charges.  While

---

[45] *Id.*

[46] *See Burns v. Reed*, 500 U.S. 478, 490–91 (1991).

[47] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[48] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

[49] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[50] *Heck*, 512 U.S. at 484.

Defendant Coewell, in theory, could respond to such injunctive relief, Defendant Coewell is bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and his duty as an advocate for the State of Alaska to prosecute suspected crimes. Plaintiff's allegations focus on his attorney's representation, the delays within of his state court actions, and his prosecution generally. Furthermore, a prosecuting attorney may not intercede or interfere with the relationship of a defense attorney and their client.[51] As a prosecuting governmental attorney, Defendant Coewell is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

## CONCLUSION

The Court must abstain from exercising jurisdiction in accordance with the *Younger* doctrine. Furthermore, Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[52]

**IT IS THEREFORE ORDERED:**

1.      This action is **DISMISSED**. Claim 1 is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. Claims 2 and 3 are **DISMISSED WITH PREJUDICE** for failing to state a claim upon relief may be granted, seeking monetary

---

[51] *See generally United States v. Danielson*, 325 F.3d 1054, 1066–74 (9th Cir. 2003), *as amended* (May 19, 2003); *see also Clutchette v. Rushen,* 770 F.2d 1469, 1471 (9th Cir. 1985); *Weatherford v. Bursey,* 429 U.S. 545, 557–58 (1977).

[52] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

damages from defendants who are immune from suit, and the futility of amendment.

2.  All pending motions are **DENIED AS MOOT**.

3.  Because Claim 1 has been dismissed for lack of jurisdiction, and the same reasoning could similarly extend to Claims 2 and 3, the Court declines to issue a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[53]

4.  The Clerk of Court shall issue a final judgment.

DATED this 11th day of July, 2022, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
SENIOR UNITED STATES DISTRICT JUDGE

---

[53] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."